**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JENNIFER L. CUTE,**

                    **Plaintiff,**

**-vs-**                                                 **Case No. 6:09-cv-1761-Orl-22DAB**

**ICC CAPITAL MANAGEMENT, INC.,**

                    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DELAY ON RULING REGARDING TAXATION OF COSTS (Doc. No. 137)**
>
> **FILED:** July 14, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **OVERRULED in part**.

The court previously entered an order granting Defendant's Rule 50 Motion for Judgment as a matter of law in favor of Defendant ICC, and judgment was entered on May 20, 2011, providing that ICC shall "recover from the Plaintiff their costs of action." (Doc. 126, 127). On June 1, 2011, ICC timely filed its Bill of Costs[1] (Doc. 130), and on June 14, 2011, Cute filed her objections to the Bill of Costs, requesting that the Court delay ruling on the Bill of Costs until after the conclusion of Cute's appeal (filed on June 16, 2011) of the Court's judgment.

---

[1] The Clerk had not yet taxed costs because the required 14 days notice period had not passed. *See* Fed. R. Civ. P. 54(d)(1).

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed.R.Civ.P. 54(d)(1). Congress has delineated which costs are recoverable under Federal Rule of Civil Procedure 54(d). *See* 28 U.S.C. § 1920. There is no provision for a delay in taxation of the bill in either the statute or Rule. *See Navarro v. Santos Furniture Custom Design, Inc.,* No. 08-21737-CIV, 2009 WL 890620, *1 (S.D. Fla. April 1, 2009) (the generally accepted procedure for a party wishing to stay the effect of an order to tax costs is to file a motion under Fed. R. Civ. P. 62(d) for a supersedeas bond staying the order that the party wishes to appeal). Plaintiff is not entitled to a delay in the determination of the amount to be taxed in the bill of costs.

As to Plaintiff's objections to taxation of $11,719.20 in deposition costs for Denise Nasca, Joseph Bogdahn, and eight others, on the basis that the transcripts were not "necessarily obtained for use in the case," Plaintiff's objections are overruled and the costs will be allowed. Deposition costs of witnesses on a losing party's witness list are generally considered taxable. *Davis v. Sailormen, Inc.*, No. 6:05-cv-1497-Orl-22KRS, 2007 WL 1752465, *2 (M.D. Fla. June 15, 2007). Deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition. *Id*. Depositions costs of witnesses are taxable even if the prevailing party successfully moved to exclude from trial the testimony of those witnesses. *Id*.; *Perez v. Sanford-Orlando Kennel Club, Inc.*, No. 6:05-cv-269-Orl-28JGG, 2007 WL 842771, *6 (M.D. Fla. March 20, 2007). All ten of the deponents were listed as witnesses in Plaintiff's responses to discovery or on her witness list for trial. Doc. 140 at 4-5 (listing each witness); thus, ICC is entitled to taxation of the cost of these depositions.

ICC seeks to tax costs of $2,852.26 paid to third party vendors for the processing and production of 11,447 pages of electronic documents to Plaintiff during discover; Plaintiff objects to taxation of these costs. The electronic discovery costs will be disallowed. A charge for a third party vendor of this size should have been the subject of specific good faith discussions between counsel before being incurred if ICC expected to tax such as part of costs at the conclusion to the litigation.

As set forth above, it is **RECOMMENDED** that Plaintiff's Objections be **GRANTED in part and OVERRULED in part.** The Clerk's award should be modified to allow costs in the total amount of **$12,914.69** ($15,766.95 - $2,852.26).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 22, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy